CHRISTENSEN, Judge,
concurring.
Fully concurring with the result reached in the prevailing opinion, as well as with most of its supporting reasoning, I add this additional comment concerning the interplay of §§ 210 and 211 of the Economic Stabilization Act.
As pointed out in Griffin v. United States, 537 F.2d 1130 (Em.App.), cert. denied, 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 286 (1976), § 211 primarily relates to jurisdiction and § 210 with rights of action. Except for such “taking” claims as were involved in Griffin, as to which a waiver of governmental immunity was implicit in the Fifth Amendment, neither section waived that immunity. In this sense reference to the legislative history quoted in footnote 11 of the majority opinion is understandable and consistent; the limitation of the jurisdiction of the courts by § 211 to interlocutory relief in suits against the United States merely reemphasized the absence of any waiver of governmental immunity with reference to damages not constitutionally mandated.
To suggest aside from this that the wording of § 210, rather than the implied jurisdictional limitations of § 211 and absence from both sections of any express waiver of sovereign immunity, would preclude an action against the United States in appropriate cases tends unnecessarily to cloud the logical foundations of Griffin and the symmetry of treatment accorded by Congress to the subjects of jurisdiction and rights of action. A court’s jurisdiction of a case does not necessarily assure to any person a right of action invoking that jurisdiction, nor does the existence of a right of action in and of itself establish the jurisdiction of a particular court to effectuate that right. We should not ascribe to Congress a non-perception of these distinctions which might otherwise seem convenient to unify a duplex concept.
We indeed did hold in Griffin, as recognized and quoted in the opinion of the court, that “to the extent plaintiffs suffered legal wrong because of any taking of their property . . . they would have the right to utilize the jurisdiction afforded in the district court by § 211 by bringing the type of action contemplated by § 210(a) *719 for damages, there being no limitations in § 211 to the contrary.” It seems to have been recognized that the doctrine of the Regional Rail Reorganization Act Cases, 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974), so required. Any indication now that such action for a taking would not be by virtue of § 210, its reference to damages being hospitable to this adaptation, but under § 211, which mentions damages not at all, could tend to erode the analysis by which we had assumed that Griffin dispelled the question there raised concerning the constitutionality of the Act in the “taking” context.